UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _08/01/2022__
```

-------------------------------------------------------------------X
                                                                   :
STRIKE 3 HOLDINGS, LLC,                                            :
                                                                   :
                                   Plaintiff,                      :
                                                                   :
                                                                   :          22-cv-5849 (LJL)
                 -v-                                               :
                                                                   :              ORDER
JOHN DOE, subscriber assigned IP address                          :
207.237.164.107,                                                   :
                                                                   :
                                   Defendant.                      :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") moves, pursuant to Federal
Rule of Civil Procedure 26(d)(1), for leave to serve a third-party subpoena on RCN, the internet
service provider ("ISP") of John Doe, prior to a Rule 26(f) conference. Dkt. No. 6. Plaintiff
seeks to ascertain the identity of John Doe, who, it claims, is illegally distributing its copyrighted
content. The Court has reviewed the motion and the supporting papers. For the same reasons
given in *Strike 3 Holdings, LLC v. Doe*, No. 22-CV-1618 (LJL), 2022 WL 785216, at *1
(S.D.N.Y. Mar. 15, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-08233 (LJL), 2021 WL
5337194, at *1 (S.D.N.Y. Oct. 12, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-3971
(LJL), 2021 WL 1910590, at *1 (S.D.N.Y. May 12, 2021); and *Strike 3 Holdings, LLC v. Doe*,
No. 20-CV-7923 (LJL), 2020 WL 5992346, at *1 (S.D.N.Y. Oct. 9, 2020), the motion is
GRANTED.

        The Court will issue a protective order in connection with the subpoena.

        IT IS HEREBY ORDERED that Strike 3 may serve a Rule 45 subpoena on RCN, the ISP
identified in its motion, to obtain information to identify John Doe, specifically his or her true
name and current and permanent address. Strike 3 shall not request any additional information,
including, but not limited to, an email address or telephone number. The subpoena shall have a
copy of this Order attached, along with the attached "Notice to Defendant."

        IT IS FURTHER ORDERED that RCN will have 60 days from the date of service of the
Rule 45 subpoena upon it to serve John Doe with a copy of the subpoena, a copy of this Order,
and a copy of the "Notice to Defendant." RCN may serve John Doe using any reasonable
means, including written notice sent to his or her last known address, transmitted either by first-
class mail or via overnight service.

        IT IS FURTHER ORDERED that John Doe will have 60 days from the date of service of

the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  If he or she decides to contest the subpoena, he or she shall at the same time notify RCN so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions.

IT IS FURTHER ORDERED that if neither John Doe nor RCN contests the subpoena within the 60-day period, RCN shall have 10 days to produce the information responsive to the subpoena to Strike 3; and that any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk of Court is respectfully directed to close Dkt. No. 6.

SO ORDERED.

Dated: August 1, 2022
       New York, New York

                                         LEWIS J. LIMAN
                                         United States District Judge

## NOTICE TO DEFENDANT

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe*, 1:22-cv-05849-LJL, a case now pending before the Honorable Lewis J. Liman, United States District Judge for the Southern District of New York.

2. Attached is Judge Liman's Order, dated August 1, 2022, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York.  The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, NY 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court.  This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it.  The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.